# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

CYNTHIA GRABOWSKI,

        Plaintiff,           CASE NO. 15-12318
                                       HON. DENISE PAGE HOOD
v.

QBE AMERICAS, INC., and
QBE HOLDINGS, INC. REGULAR
OR LIMITED TERM MEMBERS
GROUP MEMBER BASIC LIFE
INSURANCE PLAN,

        Defendants.
_____/

## ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO STAY [#30]

### I. BACKGROUND/FACTS

This lawsuit was originally filed on June 26, 2015 by Plaintiff Cynthia Grabowski ("Grabowski"), individually and as the Personal Representative of the Estate of Terence G. Grabowski. (Doc # 1) On July 13, 2016, Grabowski filed an Amended Complaint against Defendants QBE Americas, Inc. and QBE Holdings, Inc. Regular or Limited Term Members Group Member Basic Life Insurance Plan alleging four counts: Violation of the American with Disabilities Act (Count I), Breach of Fiduciary Duty under the Employee Retirement Income Security Act ("ERISA") (Count II), Wrongful Termination under ERISA (Count III), and

1

Wrongful Refusal to Pay Life Insurance (Count IV).  (Doc # 21)  Pursuant to the Scheduling Order entered on July 20, 2016, the discovery deadline is on January 9, 2017; and the dispositive motion deadline is on February 13, 2017.  (Doc # 24)

On November 10, 2016, Defendants filed a Motion to Dismiss or in the Alternative Motion for Summary Judgment.  (Doc # 28)  The matter is scheduled for a Motion Hearing on January 25, 2017 and has not yet been fully briefed.  Also on November 10, 2016, Defendants filed a Motion to Stay the Case Pending an Order on their Motion to Dismiss or in the Alternative Motion for Summary Judgment.  (Doc # 30)  Grabowski filed a Response to the Motion to Stay on November 28, 2016.  (Doc # 34)  Defendants filed a Reply on December 2, 2016.  (Doc # 35)  The Court held a hearing on the Motion to Stay on December 6, 2016.

Decedent Terence Grabowski was a senior claims adjuster for QBE Americas, Inc. since June 2011.  In March 2014, he was placed on a Work Performance Plan.  (Doc # 28-3)  In July 2014, he made QBE aware that he was seeking medical treatment after beginning to experience short-term memory loss.  QBE requested that his doctor fill out a form furnished by QBE titled "Request for Information:  Americans with Disabilities Act."  (Doc # 34-1)  This form, dated July 25, 2014, states as follows:

> Terence has brought it to our attention that he has been seeing a doctor for memory issues/episodes of forgetfulness.  Terence has been missing important deadlines, has issues with paying attention to detail, has not been maintaining his claims files appropriately and is often

2

> not responsive to requests from his manager. We are concerned for his well-being while at work. We have observed that his performance level is not where it needs to be. Terence is a Senior Claims Specialist – Property and performs most of his work in his cubicle at his desk on the phone and on a computer. Given the above information, we need to determine any reasonable accommodations that we can make to restore him to an acceptable level of performance.

*Id.* at 679. His doctor completed the form noting that Terence Grabowski was being referred to a neurologist for further evaluation and diagnosis. *Id.* The doctor noted a possible need for medication pending further evaluation. *Id.* at 680. In response to the question "What is the nature of the employee's condition to the extent that such condition may affect the employee's ability to perform the functions of his job?," the doctor responded: "minimal; but beginning to be an issue + progressing." *Id.* The doctor opined that Grabowski was not limited in any major life activities other than working. *Id.* QBE included a suggested list of accommodations for Terence Grabowski on the form, and asked his doctor to comment on them. *Id.* at 681. The doctor agreed with the suggested list of accommodations and opined that Terence Grabowski could perform all of his essential job responsibilities without any other accommodations. *Id.* Grabowski asserts that this form was returned to QBE in August 2014, and that Terence Grabowski informed QBE that his appointment with the neurologist was scheduled for September 29, 2014.

Terence Grabowski was terminated on September 11, 2014, which Defendants allege was for performance issues. Grabowski claims that he was never given the option to take a leave of absence until his medical condition could be determined. Two months after the termination, a neurologist diagnosed Terence Grabowski with early onset Alzheimer's Dementia, and he was started on medication. Grabowski claims that, after applying to dozens of companies with no response, Terence Grabowski talked to QBE about short-term and long-term disability but was told that he was not eligible because he was no longer an employee.

In December 2014, Terence Grabowski filed a charge of discrimination with the EEOC. He submitted a Supplemental Questionnaire stating that he could not perform the major duties of the claims adjuster position with or without an accommodation, and that he did not ask for an accommodation. (Doc # 28-8) On April 2, 2015, the EEOC issued a Dismissal and Notice of Rights. (Doc # 28-9)

In May 2015, Terence Grabowski submitted a claim for short-term and long-term disability benefits through QBE. He also submitted documentation from his neurologist stating that he was terminated before the neurologist was able to first see him in September 2014. (Doc # 28-6) The neurologist did not support Terence Grabowski returning to work at that time even with accommodations. *Id.*

4

Terence Grabowski died on May 23, 2015 from a heart attack. After filing this litigation in June 2015, Grabowski was notified that the claim for long-term disability benefits was approved. Grabowski subsequently filed a claim for life insurance proceeds through QBE, but the claim was denied and the denial affirmed through administrative appeals. The Principal determined that Terence Grabowski was not eligible for life insurance coverage because: (1) he did not become totally disabled prior to attaining the age of 60, as required by the policy; and (2) he did not convert his group life insurance policy to an individual policy after he was terminated. (Doc # 28-10)

## II. ANALYSIS

### A. Standard of Review

"Trial courts have broad discretion and inherent power to stay discovery until preliminary questions that may dispose of the case are determined." *Hahn v. Star Bank*, 190 F.3d 708, 719 (6th Cir. 1999).

### B. Whether to Stay the Case

Through the instant Motion, Defendants seek to stay the case, including all discovery, until the Court rules on the threshold issues raised in Defendants' Motion to Dismiss or for Summary Judgment, in order to avoid unfair prejudice and unnecessary attorneys' fees and costs. Defendants argue that a stay would not

prejudice Grabowski because the Motion to Dismiss is based on Grabowski's pleadings and the related administrative record. Defendants' Motion to Dismiss or for Summary Judgment could potentially dispose of this case entirely. Defendants identify the following eight issues to be decided in their Motion to Dismiss:

> 1. Are Defendants entitled to dismissal of Count I of Plaintiff's First Amended Complaint under the ADA where judicial estoppel prevents Plaintiff from arguing that Terence Grabowski was denied any reasonable accommodation, or was otherwise a qualified individual with a disability as defined by the ADA?
>
> 2. Are Defendants entitled to dismissal of Count I of Plaintiff's First Amended Complaint under the ADA where Plaintiff has not sufficiently pled, and cannot establish that Terence Grabowski was disabled as defined by the ADA?
>
> 3. Are Defendants entitled to dismissal of Count I of Plaintiff's First Amended Complaint where neither Terence Grabowski nor QBE were aware of Grabowski's alleged disability at any time prior to his termination?
>
> 4. Are Defendants entitled to dismissal of Count I of Plaintiff's First Amended Complaint where Plaintiff has not established and cannot establish that Terence Grabowski was qualified to perform the essential functions of his position with or without reasonable accommodation?
>
> 5. Are Defendants entitled to dismissal of Count I of Plaintiff's First Amended Complaint where Terence Grabowski was terminated for legitimate non-discriminatory reasons, wholly unrelated to his

purported disability, which neither Terence Grabowski, nor QBE were aware of as of the date of Grabowski's termination?

6. Are Defendants entitled to dismissal on Plaintiff's claim of Breach of Fiduciary Duty under Section 502(a)(3) of ERISA, where ERISA does not permit duplicative claims for the same remedy and Plaintiff has sought relief under Section 502(a)(1)(B)?

7. Are Defendants entitled to dismissal on Plaintiff's claim of wrongful refusal to pay life insurance in violation of ERISA, where the decision to deny Plaintiff's claim for benefits was neither arbitrary nor capricious?

8. Are Defendants entitled to dismissal on Plaintiff's claim of wrongful termination in violation of ERISA, where Plaintiff failed to exhaust her administrative remedies and cannot show a causal nexus between Grabowski's termination and entitlement to benefits?

Grabowski responds that it would be grossly unfair to require Grabowski to respond to Defendants' extensive Motion to Dismiss or in the Alternative Motion for Summary Judgment without the ability to complete discovery. Grabowski notes that Defendants responded to Grabowski's Request to Produce with objections to almost every request on the same day they filed their Motion to Dismiss and Motion to Stay. Grabowski asserts that few documents have been produced, and that Defendants stated that some additional documents would be produced upon entry of a mutually agreeable protective order. At a minimum,

Grabowski seeks testimony from Terence Grabowski's two supervisors, as well as the two decision makers on his request for long-term disability and life insurance. Grabowski argues that these depositions will provide knowledge of what Defendants knew and when in deciding to terminate Terence Grabowski, and are necessary to adequately defend against Defendants' Motion to Dismiss or in the Alternative Motion for Summary Judgment.

Grabowski relies on *Ohio Bell Tel. Co. v. Global NAPs Ohio, Inc.*, where in ruling upon a motion to stay, the court weighed "the burden of proceeding with discovery upon the party from whom discovery is sought against the hardship which would be worked by a denial of discovery." No. 2:06-CV-0549, 2008 WL 641252, at *1 (S.D. Ohio Mar. 4, 2008). The court stated that when a stay, rather than a prohibition of discovery is sought, the burden upon the party requesting the stay is less, and that the filing of a dispositive motion is usually deemed insufficient to support a stay of discovery. *Id.* The court reasoned that motions to dismiss are a frequent part of federal practice and that "a stay should not ordinarily be granted to a party who has filed a garden-variety Rule 12(b)(6) motion" because it would be at odds with the need for expeditions resolution of litigation. *Id.* It would also require the court to make a preliminary finding of likelihood of success on the motion to dismiss, which would circumvent the procedures for resolution of such a motion. *Id.* The court noted that a stay may be appropriate where the

complaint is "utterly frivolous," or where the motion raises issues such as immunity from suit, which would be substantially vitiated absent a stay. *Id.*

Defendants rely on *Bradley v. Hallworth*; however, that case involved an unopposed motion to stay discovery pending a ruling on a motion to dismiss and for summary judgment that raised issues of Eleventh Amendment immunity and qualified immunity. No. 1:09-CV-1070, 2010 WL 2231820, at *1 (W.D. Mich. June 1, 2010). The court found that "[a] stay of discovery is properly granted until the issue of immunity is resolved."

In this case, Terence Grabowski is deceased, and it would likely present a hardship to Grabowski to have to respond to Defendants' Motion to Dismiss or in the Alternative Motion for Summary Judgment without additional discovery. There is no indication that the burden on Defendants of proceeding with discovery would be unusually great. It cannot be said that Grabowski's Complaint is utterly frivolous, and Defendants' Motion to Dismiss or in the Alternative Motion for Summary Judgment does not raise issues of immunity from suit. Balancing the arguments of Counsel, the Court grants in part and denies in part Defendants' Motion to Stay.

### III. CONCLUSION

For the reasons set forth above,

IT IS HEREBY ORDERED that Plaintiff is allowed to conduct the four depositions requested on the record, that of Terence Grabowski's two supervisors, as well as the two decision makers on his request for long-term disability and life insurance.

IT IS FURTHER ORDERED that Defendants are required to produce documents covered by the Protective Order reviewed and signed by the Court no later than December 19, 2016.

IT IS FURTHER ORDERED that the following dates on the Scheduling Order entered on July 20, 2016 are STAYED:

| | |
|---|---|
| Lay Witnesses | December 8, 2016 |
| Plaintiff's Expert Witness List | December 8, 2016 |
| Defendants' Expert Witness List | December 22, 2016 |
| Discovery Cut-Off | January 9, 2017 |
| Status Conference | January 17, 2017 at 2:30 p.m. |
| Dispositive Motion Cut-Off | February 13, 2017. |

IT IS FURTHER ORDERED that Defendants' Motion to Stay the Case Pending an Order on their Motion to Dismiss or in the Alternative Motion for Summary Judgment (Doc # 30) is otherwise GRANTED.

                                              s/Denise Page Hood
                                              Chief Judge, United States District Court

Dated: December 7, 2016

I hereby certify that a copy of the foregoing document was served upon counsel of record on December 7, 2016, by electronic and/or ordinary mail.

                                      s/LaShawn R. Saulsberry
                                      Case Manager