# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

CYNTHIA GRABOWSKI,

        Plaintiff,

v.

QBE AMERICAS, INC., and
QBE HOLDINGS, INC. REGULAR
OR LIMITED TERM MEMBERS
GROUP MEMBER BASIC LIFE
INSURANCE PLAN,

        Defendants.
                                      /

CASE NO. 15-12318
HON. DENISE PAGE HOOD

**Proof of Service**

The undersigned certifies that a copy of this **Order** was served on the attorneys and parties of record herein by electronic means or U.S. Mail on August 11, 2017.

s/Kim Grimes
Acting in the Absence of
LaShawn Saulsberry, Case Manager

## ORDER DENYING DEFENDANT QBE'S MOTION FOR RECONSIDERATION [#49]

### I. BACKGROUND

This matter is now before the Court on Defendant QBE Americas, Inc.'s ("QBE") Motion for Reconsideration filed on April 5, 2017. (Doc # 49) On March 22, 2017, the Court entered an Order Granting in Part and Denying in Part Defendants' Motion to Dismiss or in the Alternative Motion for Summary Judgment. (Doc # 44) For the reasons set forth below, the Court denies QBE's Motion for Reconsideration.

1

## II. ANALYSIS

### A. Standard of Review

The Local Rules of the Eastern District of Michigan provide that any motion for reconsideration must be filed within 14 days after entry of the judgment or order. E.D. Mich. LR 7.1(h)(1). No response to the motion and no oral argument thereon are permitted unless the Court orders otherwise. *Id.* at 7.1(h)(2). QBE's Motion is timely filed.

Local Rule 7.1 further states:

> **(3) Grounds.** Generally, and without restricting the court's discretion, the court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable implication. The movant must not only demonstrate a palpable defect by which the court and the parties and other persons entitled to be heard on the motion have been misled but also show that correcting the defect will result in a different disposition of the case.

*Id.* at 7.1(h)(3). "A 'palpable defect' is a defect which is obvious, clear, unmistakable, manifest, or plain." *Fleck v. Titan Tire Corp.*, 177 F. Supp. 2d 605, 624 (E.D. Mich. 2001). A motion for reconsideration is not a vehicle to re-hash old arguments, or to proffer new arguments or evidence that the movant could have brought up earlier. *Sault Ste. Marie Tribe v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998) (motions under Fed. R. Civ. P. 59(e) "are aimed at *re* consideration, not initial consideration") (citing *FDIC v. World Universal Inc.*, 978 F.2d 10, 16 (1st Cir. 1992)).

### B. Discovery

QBE argues that the Court made a palpable error in its March 22, 2017 Order because the Court incorrectly stated that discovery had closed.

The Court finds that QBE has not met its burden on a motion for reconsideration, as it has not demonstrated a palpable defect by which the Court has been misled. QBE asserts that the Court stated discovery had closed, specifically citing Pg ID 1093. A review of the record, shows that the Court made no such statement on Pg ID 1093. The only place where discovery is mentioned in the Court's March 22, 2017 Order is on Pg ID 1115, as part of the Court's discussion of the wrongful refusal to pay life insurance under ERISA claim:

> [Cynthia Grabowski] relies on evidence outside of the administrative record and, although discovery closed on January 9, 2017 (Doc # 37, Pg ID 712), argues that she is entitled to additional discovery. Defendants disagree.
>
> Grabowski's after-the-fact procedural argument regarding a lack of notice fails, and the Court must limit itself to the administrative record and will not grant additional discovery. Grabowski never made this lack of notice argument in support of her claim during the administrative process.

(Doc # 44, Pg ID 1115) Although the Court incorrectly stated that discovery had closed where discovery had been stayed, the Court did not grant Grabowski additional discovery on this claim because it found that it had to limit itself to the administrative record. The Court dismissed this claim, an outcome favorable to QBE. In any event, the Court thereafter entered a Stipulated Order Amending the

3

Scheduling Order extending the discovery cut-off date to July 13, 2017. (Doc # 56) QBE is not precluded from conducting discovery or filing a dispositive motion on the remaining ADA claim.

### C. Judicial Estoppel

QBE argues that the Court made a palpable error in its March 22, 2017 Order because the Court overlooked the fact that Grabowski made inconsistent representations to the short-term and long-term disability plan administrators and to the Social Security Administration.

The Court finds that QBE has not met its burden on a motion for reconsideration, as it has not demonstrated a palpable defect by which the Court has been misled. The Court focused its discussion on Terence Grabowski's representations to the EEOC because the parties focused their arguments on his representations to the EEOC. In its Motion to Dismiss or in the Alternative Motion for Summary Judgment, QBE did mention that the allegations in the Amended Complaint are inconsistent with Terence Grabowski's application for disability benefits (Doc # 28, Pg ID 142); and in its Reply, QBE did mention that "Grabowski was approved for disability benefits based on representations that 'he became disabled on 9/13/14.' (Ex. 6)" (Doc # 42, Pg ID 874). As the Court discussed in its March 22, 2017 Order, "[u]nder the doctrine of judicial estoppel, a party who has *successfully and unequivocally* asserted a position in a prior proceeding is estopped

4

from asserting an inconsistent position in a subsequent proceeding." *Morales v. State Farm Mut. Auto. Ins. Co.*, 279 Mich. App. 720, 736-37 (2008) (internal quotations and citations omitted) (emphasis added). As the Court noted in its prior Order, the Social Security Administration denied Terence Grabowski's request, so there is no indication that Terence Grabowski *successfully* asserted a position before the Social Security Administration that is inconsistent with the allegations in the Amended Complaint. As to any representations to the short-term and long-term disability plan administrators, there is no indication that Terence Grabowski *unequivocally* asserted that he was unable to perform his job duties with or without reasonable accommodation or that he never requested an accommodation such that Grabowski's ADA claim should be precluded. QBE pointed only to Exhibit 6, which merely shows notes made by plan administrators in their computer system after Terence Grabowski's death. *See* Doc # 29-3, Pg ID 338. Accordingly, the Court did not err in denying QBE's Motion to Dismiss or in the Alternative Motion for Summary Judgment on the basis of judicial estoppel.

    D.    *Prima Facie* **Case Under the ADA**

QBE argues that the Court made a palpable error in its March 22, 2017 Order because the Court conflated the burdens under Rule 12 and Rule 56 of the Federal Rules of Civil Procedures. To the extent that any language in the Order was confusing, the Court clarifies that the Court found that Grabowski has *at this stage*

5

sufficiently pled the elements of her *prima facie* case under the ADA, and accordingly, the Court denied QBE's Motion as to the ADA claim. Again, QBE is not precluded from conducting discovery or filing a dispositive motion on the remaining ADA claim.

### *1. Disabled Within the Meaning of the ADA*

QBE argues that the Court made a palpable error in its March 22, 2017 Order in finding that Grabowski had sufficiently alleged that Terence Grabowski was disabled within the meaning of the ADA because Grabowski did not allege that Terence Grabowski suffered from any specific disability at any time during his employment; that Terence Grabowski had a diagnosis at any time during his employment; or that any impairment substantially limited Terence Grabowski in any major life activity.

The Court finds that QBE has not met its burden on a motion for reconsideration because QBE merely re-hashes the same arguments it has made before. A motion for reconsideration is not a vehicle to re-hash old arguments. *Sault Ste. Marie Tribe*, 146 F.3d at 374. The Court already considered and rejected these arguments and concluded that Grabowski has sufficiently alleged at this stage that Terence Grabowski was disabled within the meaning of the ADA.

### *2. Otherwise Qualified to Perform Essential Functions of the Job*

QBE argues that the Court made a palpable error in its March 22, 2017 Order in finding that Grabowski had sufficiently alleged that Terence Grabowski was otherwise qualified to perform the essential functions of his job because QBE provided Terence Grabowski with the only accommodations that his physician indicated would enable him to perform his essential job functions. QBE again notes that Terence Grabowski's physician never supported the need for leave as a reasonable accommodation. QBE again asserts that Terence Grabowski is not able to explain any inconsistent statements because he is now deceased.

The Court finds that QBE has not met its burden on a motion for reconsideration because QBE again merely re-hashes the same arguments it has made before. The Court already considered and rejected these arguments and concluded that Grabowski has sufficiently alleged at this stage that Terence Grabowski was otherwise qualified to perform the essential functions of his job.

### *3. Adverse Employment Action Because of a Disability*

QBE argues that the Court made a palpable error in its March 22, 2017 Order in finding that Grabowski had sufficiently alleged that Terence Grabowski suffered an adverse employment action because of his disability because he had not been diagnosed with any specific condition. QBE again argues that neither Terence

Grabowski, nor his doctor, nor QBE knew what was causing Terence Grabowski's symptoms.

The Court finds that QBE has not met its burden on a motion for reconsideration because QBE again merely re-hashes the same arguments it has made before. The Court already considered and rejected these arguments and concluded that Grabowski has sufficiently alleged at this stage that Terence Grabowski suffered an adverse employment action because of his disability.

### E. Pretext Under the ADA

QBE argues that the Court made a palpable error in its March 22, 2017 Order in finding that, viewing the evidence in the light most favorable to Grabowski, she has put forth enough evidence to create a genuine issue of material fact regarding whether Terence Grabowski's performance issues were sufficient to warrant his termination. QBE makes new arguments relying on the deposition transcript of Shannon Grunst, Terence Grabowski's supervisor, taken on January 18, 2017 (after briefing on Defendants' Motion to Dismiss or in the Alternative Motion for Summary Judgment had already been completed).

A motion for reconsideration is not a vehicle to proffer new arguments. *See Sault Ste. Marie Tribe*, 146 F.3d at 374. Given that the parties had not completed discovery at the time of this Court's prior Order, and given that QBE has not had the opportunity to present all relevant facts and evidence outside the pleadings, QBE is

8

not precluded from conducting discovery or filing a dispositive motion on the remaining ADA claim. The Court will not, however, dismiss the remaining ADA claim for the reasons set forth in its prior Order. The Court finds that construing the Amended Complaint in the light most favorable to the Grabowski, accepting its allegations as true, and drawing all reasonable inferences in favor of Grabowski, she has set forth sufficient factual allegations to support that Terence Grabowski's performance issues were insufficient to warrant the termination.

### F.     Request for Reasonable Accommodation

QBE argues that the Court made a palpable error in its March 22, 2017 Order because Grabowski cannot establish that Terence Grabowski requested leave as a reasonable accommodation. QBE again argues that Terence Grabowski could have submitted medical documentation supporting the need for leave, but he did not, and his doctor failed to identify leave as a reasonable accommodation.

The Court finds that QBE has not met its burden on a motion for reconsideration because QBE merely re-hashes the same arguments it has made before. The Court already considered and rejected these arguments. QBE also cites cases it could have cited earlier. The Court properly considered the Amended Complaint, documentation properly incorporated as part of the pleadings, and matters of public record. Drawing all reasonable inferences in favor of Grabowski, she has sufficiently pled that Terence Grabowski requested leave as a reasonable

accommodation, which was denied. Accordingly, the Court will not dismiss the remaining ADA claim.

### G. Recoverable Damages

Lastly, QBE asserts that the Court "did not address the argument that . . . Plaintiff is precluded from recovering life insurance benefits as damages under her ADA claim." QBE has not raised this argument before, and in support of its argument, QBE cites two cases it has not cited before. The Court declines to address this new argument on a motion for reconsideration. QBE is free to raise it in a future dispositive motion.

## III. CONCLUSION

For the reasons set forth above,

IT IS HEREBY ORDERED that Defendant QBE Americas, Inc.'s Motion for Reconsideration (Doc # 49) is DENIED.

IT IS FURTHER ORDERED that the parties may conduct further discovery and file dispositive motions on the remaining ADA claim in accordance with the Stipulated Order entered on June 2, 2017.

s/Denise Page Hood
DENISE PAGE HOOD
DATED: August 11, 2017              Chief Judge